IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAMES KIRK,**
**Claimant Below, Petitioner**

**FILED**
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-557**        (JCN: 2023003296)

**WEST VIRGINIA PAVING, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner James Kirk appeals the November 27, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Paving, Inc., ("WVP") filed a response.[1] Mr. Kirk did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which closed the claim for temporary total disability ("TTD") benefits, denied authorization for a referral to a neurosurgeon, Raymond Harron, D.O., for a second opinion, and denied authorization for MRIs of the spine, pelvis, and brain.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the compensable injury in the instant case, on July 13, 2020, Mr. Kirk underwent an MRI of his lumbar spine revealing post-operative changes in the paravertebral soft tissues at the L5 level, L5-S1 disc and endplate signal abnormalities likely related to discogenic degenerative change and postoperative changes, and moderate bilateral neural foraminal narrowing at L5-S1. The report noted a history of low back pain, back surgery, and left leg numbness.

On August 5, 2022, while employed by WVP, Mr. Kirk sustained an injury to his lower back and stomach while pulling himself onto a safety rack at work. The Employees' and Physicians' Report of Occupational Injury dated August 8, 2022, indicated that Mr. Kirk sustained an occupational injury to his lower back and his abdomen, and his injury

---

[1] Mr. Kirk is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. WVP is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

aggravated a preexisting condition. The treatment provider placed Mr. Kirk on modified duty. On August 16, 2022, the claim administrator issued an order holding the claim compensable for strain of abdomen and lower back.

Mr. Kirk was seen by Tommy Holbrook, D.O., on August 8, 2022, for his compensable back injury. Dr. Holbrook diagnosed strain of the abdomen and sprain of the ligaments of the lumbar spine. Dr. Holbrook administered an injection to Mr. Kirk and recommended physical therapy and medication. Mr. Kirk was released to modified work duty. On October 8, 2022, Mr. Kirk underwent a lumbar spine MRI revealing degenerative changes and significant degenerative disc disease with neural foraminal encroachment at L5-S1. On October 10, 2022, Mr. Kirk was seen by George Bryant, PASUP, who assessed lumbar radiculopathy and strain of abdominal muscle.

On October 20, 2022, Mr. Kirk was seen by Christopher McKinless, D.O. Dr. McKinless noted Mr. Kirk's worsening back pain, bouts of incontinence, left leg numbness and tingling. He further noted Mr. Kirk's prior history of back surgery, lumbosacral radiculopathy, and back pain. Dr. McKinless assessed foraminal stenosis of the lumbar region and low back strain.

Mr. Kirk underwent a neurosurgical evaluation with Richard Douglas, M.D., on November 17, 2022. Dr. Douglas noted that Mr. Kirk's radicular pain subsided following an L5-S1 laminectomy surgery approximately three years ago, but he experienced an onset of low back and radicular pain following his work injury in August of 2022. Dr. Douglas assessed lumbar radiculopathy affecting the left lower extremity in an L5 dermatomal distribution and history of lumbar discectomy. He recommended a lumbar MRI to assess interval changes and a nerve root block at L5-S1 on the left. Mr. Kirk underwent a lumbar MRI on December 12, 2022, revealing postoperative changes at L5-S1 with some disc bulging toward the right side and an associated osteophyte complex on the right, and facet arthropathy with moderate right foraminal narrowing and mild to moderate left foraminal narrowing at L5-S1.

On December 16, 2022, Mr. Kirk followed-up with PA Bryant. PA Bryant assessed lumbar facet joint pain, low back pain, lumbar radiculopathy, and spinal stenosis of lumbar regions, and he referred Mr. Kirk to physical therapy. On January 19, 2023, Mr. Kirk underwent a transforaminal nerve root injection at left S1 level. Mr. Kirk was seen by PA Bryant again on February 3, 2023. PA Bryant noted that Mr. Kirk reported having spasms along his lumbar spine, weakness in the left leg, and a loss of feeling in the bottom of his feet. PA Bryant indicated that Mr. Kirk was temporarily and totally disabled, with an estimated trial return date of June 15, 2023, or a modified duty return date of July 1, 2023. PA Bryant recommended that Mr. Kirk receive a second neurological opinion from Dr. Harron.

Mr. Kirk followed-up with Dr. Douglas on February 16, 2023. Mr. Kirk reported continued lumbar pain with pain radiating into the left lower extremity and left foot numbness. Mr. Kirk further reported that he had tried physical therapy and medicine without any significant improvement, and his symptoms were negatively affecting his activities of daily living and his quality of life. Dr. Douglas assessed radicular leg pain, ambulatory dysfunction, gait instability, leg cramping, degenerative disc disease, lumbar spondylosis, and a history of lumbar laminectomy. Dr. Douglas recommended continued conservative treatment and a referral to Dr. Thymius for injection therapy; and requested MRIs of the thoracic spine, the brain, and pelvis. Dr. Douglas noted that the thoracic and brain MRIs were needed to evaluate Mr. Kirk's instability and lower extremity cramping and spasms, and the pelvic MRI would assess for a lumbosacral plexus mass.

On February 22, 2023, Mr. Kirk was evaluated by Chuan Fang Jin, M.D. Dr. Jin noted that Mr. Kirk injured his back on August 5, 2022, while pulling on a heavy safety rack at work. She further noted that Mr. Kirk had returned to work, but then stopped working three months later because he could no longer tolerate the pain. Mr. Kirk reported constant pain in his low back that radiated down the left leg to the foot, and constant numbness in both feet. Dr. Jin opined that on August 5, 2022, Mr. Kirk sustained an abdominal wall strain and a lumbar sprain, but that his current symptoms were a result of an aggravation of his pre-existing conditions. Dr. Jin further opined that there was no indication for another neurosurgical evaluation because sprains typically heal within a few weeks. The claim administrator issued an order dated March 3, 2023, granting TTD benefits from March 3, 2023, through March 9, 2023.

Dr. Jin submitted a supplemental report dated March 4, 2023, in which she opined that Mr. Kirk's current symptoms were due to preexisting degenerative disease, that the compensable injury requires no further medical treatment, that additional injection therapy was not indicated, and that the requests for the MRIs and neurosurgical care should be denied. Mr. Kirk followed-up with PA Bryant on March 10, 2023, and reported continued back pain. PA Bryant requested a functional capacity evaluation. On March 30, 2023, the claim administrator issued an order closing the claim for TTD benefits. Mr. Kirk protested.

On April 25, 2023, Mr. Kirk was seen by PA Bryant, who reported his chronic back pain, noting he had tried epidural steroid injections and physical therapy without benefit, and he was not a surgical candidate. Mr. Kirk reported intermittent pain shooting down his left leg and into his foot consistent with sciatica. PA Bryant assessed lumbar radiculopathy, atrial premature complex, coronary atherosclerosis, essential hypertension, impingement syndrome of the left shoulder, lumbosacral radiculitis, mixed hyperlipidemia, osteoarthritis, spinal stenosis of lumbar region, strain of abdominal muscle, and chronic obstructive lung disease. PA Bryant again recommended a neurosurgical referral to Dr. Harron.

3

On April 26, 2023, the claim administrator issued an order denying the request for a referral to Dr. Harron for a neurosurgical second opinion and the request for the MRIs of the thoracic spine, brain, and pelvis. Mr. Kirk protested.

Mr. Kirk was seen by Dr. Harron on May 8, 2023. Dr. Harron assessed postlaminectomy syndrome, pain in the lower back, lumbar radiculopathy, lumbar disc degeneration, lumbar disc displacement, and lumbar spondylosis. Dr. Harron recommended a bilateral L5-S1 laminectomy/foraminotomy with adhesion lysis. Mr. Kirk underwent surgery on May 26, 2023, and the post-operative diagnosis was post-laminectomy syndrome with recurrent low back pain and lower extremity radiculopathy and neurogenic claudication with recurrent spinal stenosis and foraminal stenosis at the L5-S1 level. Mr. Kirk followed-up with Dr. Harron on June 12, 2023, and reported that he was pleased with his progress following surgery. In a letter dated June 22, 2023, Dr. Harron stated Mr. Kirk was to remain off work until his return appointment on July 21, 2023.

On November 27, 2023, the Board issued an order affirming the claim administrator's orders, which closed the claim for temporary total disability ("TTD") benefits, denied authorization for a referral to a neurosurgeon, Dr. Harron, for a second opinion, and denied authorization for MRIs of the spine, pelvis, and brain. The Board found that the claim was properly closed for TTD and the treatment and referral at issue were not requested for compensable conditions. Mr. Kirk now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Kirk argues that his treating neurosurgeon, Dr. Douglas, is in the best position to determine the appropriate treatment as he has been able to observe the progression of symptoms and instability. Mr. Kirk further argues that physicians are not

required to request treatment for the exact diagnosis that is compensable in the claim. Finally, Mr. Kirk argues that the evidence establishes that he was temporarily and totally disabled due to his compensable injury from the date of the injury onward. We disagree.

West Virginia Code § 23-4-7a(e)(4) (2005) provides:

In all cases, a finding by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, that the claimant has reached his or her maximum degree of improvement terminates the claimant's entitlement to temporary total disability benefits regardless of whether the claimant has been released to return to work. Under no circumstances shall a claimant be entitled to receive temporary total disability benefits either beyond the date the claimant is released to return to work or beyond the date he or she actually returns to work.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Upon review, we conclude that the Board was not clearly wrong in finding that the claim was properly closed for TTD benefits because Mr. Kirk was found to be at MMI for his compensable injuries by Dr. Jin and he returned to work. Further, the Board was not clearly wrong in finding that the requested treatment and referral were properly denied because the conditions for which Mr. Kirk is requesting the treatment and referral are not currently compensable diagnoses in this claim. We note that Mr. Kirk is not precluded from requesting the addition of diagnoses as compensable conditions in the claim, nor is he precluded from filing for a reopening of his claim for additional TTD benefits.

Accordingly, we affirm the Board's November 27, 2023, order.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

5